UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHAD D. CUMMINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:07-CV-095 WL |
| v. | ) |
| | ) |
| ROBERT SIMS, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Chad D. Cummings, a *pro se* prisoner, filed an amended complaint. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a

>complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

>While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

In the amended complaint, Mr. Cummings adds six John Doe defendants identified as: Jane Doe - Nurse at Knox Jail; John Doe - 1st Shift Jailer in Knox; John Doe - 1st Shift Jailer in Knox; John Doe - Jail Shift Commander Knox; Porter Starke Evaluator - Porter Starke Hospital; and John Doe - Emergency Room Doctor/Nurse.

>[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P. 15, nor can it otherwise help the plaintiff.

*Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore these defendants, and the claims against them, will be dismissed. If Mr. Cummings is later able to identify any of these defendants and can state a claim against them at that time, he may then file another

motion to amend along with a proposed amended complaint containing all of his claims against all of his defendants, both old and new.

Mr. Cummings amended complaint is less specific than his original one. If the court had only the amended complaint, it is likely that it would require that Mr. Cummings file a more definite statement pursuant to FED. R. CIV. P. 12(e). But it is clear that in drafting his amended complaint, Mr. Cummings was primarily focused on adding the John Doe defendants rather than restating the previously presented facts. Because there does not appear to be any contradiction between the basic facts outlined in the amended complaint and the more detailed facts provided in the original complaint, the court will draw from the original complaint for a description of events.

Mr. Cummings alleges that he was denied medication for his bi-polar disorder which caused him to have homicidal and suicidal thoughts. He alleges he was placed in a general population cell block without regard to his medical needs. He alleges that despite his repeated pleas and warnings, he was denied any treatment for his medical condition. He alleges that as a result, he cut his arms with a razor that was provided by the jail. Mr. Cummings further alleges that he was denied medical treatment for an hour following his suicide attempt during which time he was left on a shower floor.

Mr. Cummings alleges that these events occurred while he was a pre-trial detainee. Though the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference.

*Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

Giving Mr. Cummings the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim for a denial of medical treatment. The only remaining defendant is the Sheriff, Robert Sims.

> The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Though it is still unclear that Robert Sims had personal knowledge of Mr. Cummings medical condition or that he was involved in denying him medical treatment, giving Mr. Cummings the benefit of the inferences, this complaint states a claim against Robert Sims in his individual capacity.

Mr. Cummings seeks monetary damages, but he also seeks to be appointed counsel and an investigator. Mr. Cummings filed this case without an attorney and he is proceeding without counsel. He is expected to prosecute this case himself. This is a civil lawsuit. Though 28 U.S.C. § 1915(e)(1) permits the court to request an attorney to represent an indigent defendant, there is no provision for appointing investigators. Further, there are no public funds to pay either attorneys or investigators in civil lawsuits such as this one. Though Mr. Cummings states that not appointing counsel would

5

result in a fundamental unfairness, he has not demonstrated that he is unable to prosecute this case. Indeed, his performance to date has been adequate. Although a good lawyer may do better than the average person, that is not the test. If it was, district courts "would be required to request counsel for every indigent litigant." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993). Finally and dispositively, Mr. Cummings was informed that this court would not consider appointing him counsel unless he was able to demonstrate that he had made a reasonable effort to obtain a lawyer on his own. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any § 1915(d) motions outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). Nevertheless, he says nothing about any effort to obtain a lawyer on his own. This is not reasonable. Mr. Cummings has now asked this court for appointed counsel three times. He is cautioned not to do so again until he is able to document that he made a reasonable and diligent effort to obtain counsel on his own and to document that he is not functionally able to proceed without a lawyer.

Finally, Mr. Cummings filed another *in forma pauperis* petition. Having already granted him leave to proceed *in forma pauperis*, the motion will be denied as moot.

For the foregoing reasons, the court:

(1) **LIFTS** the stay;

(2) **DENIES AS MOOT** the second *in forma pauperis* petition (docket # 19);

(3) **GRANTS** Chad D. Cummings leave to proceed against Sheriff Robert Sims in his individual capacity for monetary damages for the denial of medical treatment in violation of the Fourteenth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** defendants Jane Doe - Nurse at Knox Jail; John Doe - 1st Shift Jailer in Knox; John Doe - 1st Shift Jailer in Knox; John Doe - Jail Shift Commander Knox; Porter Starke Evaluator - Porter Starke Hospital; and John Doe - Emergency Room Doctor/Nurse;

(6) **DENIES** the request for counsel and/or an investigator contained in the complaint;

(7) **DIRECTS** the clerk to transmit the summons and USM-285 for Sheriff Robert Sims to the United States Marshals Service along with a copy of this order and a copy of the complaint (docket # 1) and the amended complaint (docket # 18);

(8) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sheriff Robert Sims; and

(9) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sheriff Robert Sims respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: July  24 , 2007

                                             s/William C. Lee
                                             William C. Lee, Judge
                                             United States District Court